The Honorable Larry Goodwin State Representative P.O. Box 129 Cave City, AR 72521-0129
Dear Representative Goodwin:
This is in response to your request for an opinion on the following question:
 How many years of delinquent suburban improvement district taxes must a property owner pay to the county collector as a prerequisite to paying real property taxes due in 1992 on the same parcel?
It is my opinion that the property owner must pay the 1992 suburban improvement district ("SID") taxes, as well as SID taxes for 1991 if those taxes are delinquent. The property owner is not, however, in my opinion, required to pay SID taxes that became delinquent prior to 1991 as a prerequisite to paying general property taxes.
As you have noted, since 1991, A.C.A. § 14-92-230(d) (Cum. Supp. 1991) has required the payment of SID taxes as a prerequisite to paying ad valorem real property taxes. See Acts 1991, No. 281, § 1. The emergency clause of the 1991 act (Section 6 of Act 281 of 1991) states in relevant part that the act ". . . shall be in full force and effect from and after July 1, 1991 and shall beapplicable to suburban improvement district taxes due and payableon or before October 10, 1991." (Emphasis added.) SID taxes are extended annually upon the county tax books. A.C.A. § 14-92-230
(Cum. Supp. 1991). October 10 is the delinquency date for SID taxes, which are payable each year at the same time as ad valorem real property taxes.[1] A.C.A. §§ 14-92-232 (Cum. Supp. 1991) and 26-35-501(a)(1) (Repl. 1992). The language of the emergency clause with regard to "taxes due and payable on or before October 10, 1991" may, in my opinion, reasonably be construed to mean SID taxes that are extended upon the tax books in 1991. The act does not, in my opinion, encompass prior year taxes. To conclude otherwise would require a retroactive application of Act 281 of 1991, and as indicated above, I do not believe such an application was intended.
It should be noted that this opinion does not address the question of whether a separate means exists for the collection of pre-1991 delinquent SID taxes. You have indicated that in some instances a property owner holds a deed from the Commissioner of State Lands to a parcel on which the SID taxes have not been paid for several years. This is because prior to Act 281 of 1991, tax delinquent property was certified to the Land Commissioner for collection of ad valorem real property taxes, but not delinquent SID taxes. See Act 626 of 1983, as amended, codified at Title 26, Chapter 37 of the Arkansas Code Annotated.[2]
Apparently, there were no tax sales for delinquent SID taxes in the counties in question following passage of Act 626 of 1983. Some of those SID taxes have therefore never been paid.
As indicated above, it is my opinion that Act 281 of 1991 does not offer authority for the collection of these back taxes, that is, the county collector cannot require payment of past-due SID taxes, i.e., pre-1991 taxes, as a prerequisite to paying general real property taxes. The question of whether these taxes can nevertheless still be collected presents a separate issue that is properly addressed to the district's legal counsel.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This office has previously opined that SID taxes are due in the year in which the levy is made, unlike ad valorem real property taxes which are collected in the succeeding year. Op. Att'y Gen. 90-242.
[2] Act 281 now provides for the certification of delinquent SID assessments to the State Land Commissioner for redemption or sale, pursuant to Act 626 of 1983. See A.C.A. § 14-92-232(b) (Cum. Supp. 1991).